# ORIGINAL

FILED
U.S. DIST. COURT
SAVANNAH DIV

FEB 7  4 41 PM '01

CLERK _____
SO. DIST. _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

SHEILA ELAINE NEVILLE,                    )
                                          )
     Plaintiff,                           )
                                          )
v.                                        )     CIVIL ACTION NO.
                                          )     CV400-190
                                          )
CLASSIC GARDENS; THE GROWING COMPANY      )
B-J INTERIORS, INC. d/b/a LITTLE          )
JOHN'S LTD; QUALITY BIKES, INC.;          )
THE HOME DEPOT, INC.; WAL-MART STORES,    )
INC.; PENNY PINCHER'S SHOPPS OF           )
GEORGIA, INC.; AMERICAN                   )
TV & APPLIANCE, INC. d/b/a MAMA'S         )
FURNITURE; CHATHAM COUNTY; CHATHAM        )
COUNTY DISTRICT ATTORNEY'S OFFICE;        )
MELANIE HIGGINS, in her individual and    )
official capacity as Assistant District   )
Attorney of Chatham County; CHATHAM       )
COUNTY SHERIFF'S DEPARTMENT; AL ST.       )
LAWRENCE, in his individual and official  )
capacity as Sheriff of Chatham County;    )
GEORGE CHANDLER; ZETTLER, HOSTILO &       )
COLE, P.C.; MICHAEL GEORGE HOSTILO        )
and LUCILLE BUTLER,                       )
                                          )
     Defendants.                          )

### RESPONSE OF CHATHAM COUNTY,
### CHATHAM COUNTY SHERIFF'S DEPARTMENT AND AL ST. LAWRENCE
### TO PLAINTIFF'S MOTION FOR RECONSIDERATION

COME NOW, **CHATHAM COUNTY, CHATHAM COUNTY SHERIFF'S DEPARTMENT**

and **AL ST LAWRENCE, in his individual and official capacity as**

**Sheriff of Chatham County**, (hereinafter "County Defendants"), and

respond in opposition to Plaintiff's motion for reconsideration.

County Defendants show the Court the following:

100

## I.   ARGUMENT AND CITATIONS OF AUTHORITY

### A.   CHATHAM COUNTY WAS PROPERLY DISMISSED FROM THIS ACTION.

The Court found that Assistant District Attorney Higgins is entitled to immunity.   The Court further found that the suit against Ms. Higgins in her official capacity is legally against the County which can invoke the State's Eleventh Amendment immunity since Higgins acted on behalf of the State.   These are legal and not factual issues which Plaintiff could determine through legal research.

It is well established that a suit against a party in her official capacity is the same as suit against the government entity of which she is an agent.   <u>Abiff v. Slaton</u>, 806 F. Supp. 993, 996 (N.D. Ga. 1992); aff'd 3 F. 3d 1493 (11th Cir. 1993).   The Eleventh Amendment bars suit against a state in federal court.   <u>Id.</u>   The Eleventh Amendment also bars suit in federal court against a state official in her official capacity.   <u>Id.</u>   Since Ms. Higgins was an agent of Chatham County who was acting for the State, Chatham County is entitled to the Eleventh Amendment immunity afforded to Ms. Higgins in her official capacity.   <u>Id.</u>

Plaintiff's assertion that she has claims against the Chatham County Sheriff's Department is without merit because the Chatham County Sheriff's Department is not a proper party.   <u>Dean v. Barber</u>, 951 F.2d 1210 (11th Cir. 1992); <u>Shelby v. City of Atlanta</u>, 578 F. Supp. 1368 (N.D. Ga. 1984).

2

**B.** **PLAINTIFF WAS ON NOTICE OF CHATHAM COUNTY'S REQUEST TO DISMISS PLAINTIFF'S COMPLAINT.**

Chatham County asserted a motion to dismiss in the last paragraph of its answer filed on May 18, 2000, attached to the notice of removal to this Court. This answer was incorporated by reference into County Defendants' answer filed on November 13, 2000. (Thirteenth Defense) Furthermore, County Defendants asserted in their fourth defense of their answer filed on November 13, 2000 that Plaintiff's complaint fails to state a claim against County Defendants upon which relief may be granted.

Plaintiff <u>was</u> on notice of the issue of Chatham County's liability. Plaintiff asserted in her response to Melanie Higgins and Chatham County District Attorney's motion to dismiss on page 6 that Ms. Higgins was an employee of Chatham County. Plaintiff also asserted on page 6 that the Chatham County District Attorney's Office is a municipal entity.

**C.** **CHATHAM COUNTY IS ENTITLED TO IMMUNITY UNDER O.C.G.A. § 17-12-42.**[1]

O.C.G.A. § 17-12-42 provides that "the members of the Supreme Court of Georgia, the members of the Georgia Indigent Defense Council, the members of local governing committees, and other policy-making or administrative personnel acting in a policy-making

---

[1]<u>See</u> Seventh Defense of Answer Of Chatham County, Chatham County Sheriff's Department And Al St. Lawrence To Amended And Recast Complaint, filed on November 13, 2000.

3

or administrative capacity shall be immune from action arising from any acts in relation to the implementation and carrying out of the purposes of this article." Chatham County through its governing body, the Chatham County Board of Commissioners, is therefore entitled to immunity under this Code section for administering the state funded indigent defense program. Plaintiff's assertion of any claim against Chatham County for failing to provide adequate indigent defense counsel to her is without merit.

**D.   CHATHAM COUNTY IS ENTITLED TO SOVEREIGN IMMUNITY AS TO PLAINTIFF'S STATE LAW TORT CLAIMS.**

It is well established that Chatham County is immune as a matter of law from Plaintiff's state tort claims. Ga. Const. Art. 1, § 2, ¶ 9 (e) (effective Jan. 1, 1991). This constitutional provision applies to counties. <u>Gilbert v. Richardson</u>, 264 Ga. 744, 747 (1994). The County's sovereign immunity can only be waived by a specific act of the General Assembly. Ga. Const. Art. 1, § 2, ¶ 9 (e); <u>Gilbert</u>, <u>supra</u>.

Sovereign immunity "can only be waived pursuant to a `legislative act which specifically provides that sovereign immunity is waived and the extent of such waiver.'" <u>Woodard v. Laurens County, Ga.</u>, 265 Ga. 404, 405 (1995) (citing <u>Gilbert</u>, <u>supra</u>, at 748).

The General Assembly has not waived the sovereign immunity afforded to counties. O.C.G.A. § 36-1-4 provides that a "county is not liable to suit for any cause of action, unless made so by statute." There is no statute making the County liable for the tort claims alleged by Plaintiff.

4

## II.  CONCLUSION

For the foregoing reasons, County Defendants respectfully request that Plaintiff's motion for reconsideration be denied.

Respectfully submitted this $\underline{7^{th}}$ day of February, 2001.

R. JONATHAN HART
State Bar No. 333692

EMILY E. GARRARD
State Bar No. 286180

ATTORNEYS FOR COUNTY DEFENDANTS

P. O. Box 8161
Savannah, GA  31412
(912) 652-7881

5

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the parties in the foregoing action with a copy of this document by placing the same in the United States mail with sufficient postage affixed thereto to assure delivery and properly addressed to:

| | | |
|---|---|---|
| Robert Bartley Turner, Esq.<br>P.O. Box 10600<br>Savannah, GA 31401 | David R. Smith, Esq.<br>Post Office Box 8002<br>Savannah, GA 31412-8002 | Christian J. Steinmetz,III<br>P.O. Box 8151<br>Savannah, GA 31412 |
| Carroll G. Jester, Jr., Esq.<br>5605 Glenridge Ave., Ste. 900<br>Atlanta, GA 30342 | Michael L. Edwards, Esq.<br>Quillian, Loncon & Edwards<br>P.O. Box 10204<br>Savannah, GA 31412 | W. Paschal Bignault, Esq.<br>Bignault & Carter<br>5112 Paulsen<br>Savannah, GA 3112 |
| Lucian Gillis, Jr., Esq.<br>3445 Peachtree RD, NE<br>Suite 500<br>Atlanta, GA 30326 | Kristine Shehane, Esq.<br>2 East Bryan St.<br>Suite 1300<br>Savannah, GA 31401 | Lucille Butler<br>3355 Sweetwater Road, N.W.<br>Apt. 5308<br>Lawrenceville, GA 30245 |
| John C. Jones, Asst. Atty. Gen.<br>132 State Judicial Bldg.<br>40 Capitol Square, SW<br>Atlanta, GA 30334-1700 | Eric A. Brewton, Esq.<br>440 N. Point Pkwy.<br>Suite 105<br>Alpharetta, GA 30023-1808 | Robert E. Falligant, Jr.<br>17 W. McDonough Street<br>Savannah, GA 31401 |

This _7th_ day of February, 2001.


_____
Attorney for County Defendants

**EMILY E. GARRARD**
P. O. Box 8161
Savannah, GA 31412
(912) 652-7881